AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of New Mexico ▾

**FILED**

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
57 Narrow Gauge St. )
Dulce, New Mexico 87528 )
)

Case No. **23 MR 1530**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Offenses committed in Indian Country |
| 18 U.S.C. § 1111 | First Degree Murder |

The application is based on these facts:

See attached affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Rainy Hardy, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically Sworn and Electronically Signed *(specify reliable electronic means)*.

Date: 8/10/2023

_____
*Judge's signature*

City and state: Farmington, New Mexico

B. Paul Briones, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**IN THE MATTER OF THE SEARCH OF:**
57 Narrow Gauge St.,
Dulce, New Mexico 87528

Case No. _____

## AFFIDAVIT

I, Lorraine Hardy, being duly sworn, depose and state as follows:

## INTRODUCTION

1.      I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately 4 years. I have received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience includes, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects, targets, and witnesses, writing affidavits for and executing search and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting and reviewing evidence, and analyzing public records.

2.      The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, the Jicarilla Apache Police Department (JAPD) and the Jicarilla Apache Police Department Criminal Investigators (JAPDCI). During my investigation, I have developed information I believe to be reliable from the following sources:

1

     a.     Information provided by the FBI, JAPD, JAPDCI, and other law enforcement officials;

     b.     Information provided by witnesses; and

     c.     Records from the FBI National Crime Information Center (NCIC), Jicarilla Apache Tribal Courts, and New Mexico Courts.

3.     Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause for the requested warrant.

## RELEVANT STATUTES

4.     This investigation concerns alleged violations of the following:

     a.     Title 18 U.S.C. § 1153-Offenses committed in Indian Country; and

     b.     Title 18 U.S.C. § 1111-First Degree Murder.

## PROBABLE CAUSE

5.     On August 7, 2023, at approximately 6:00 p.m., the Jicarilla Apache Police Department (JAPD) responded to a report of a shooting on East Side Street in Dulce, New Mexico, which is located within the Jicarilla Apache Reservation. I am informed by a JAPDCI, that he responded to the location and found the deceased body of the victim (hereinafter referred to as JOHN DOE), year of birth 2007, lying in the street with seven spent .40 caliber shell casings around JOHN DOE's body. Upon further examination, the JAPD CI observed multiple entry and exit wounds on JOHN DOE's body that appeared to be bullet holes. Based on his training and experience, the JAPDCI believed JOHN DOE was murdered by gunfire and treated the incident as a homicide.

2

6.      Through a joint investigation by JAPD and the FBI, I learned that JOHN DOE's family members and other residents of Dulce believed an individual named Justin Puerto (hereinafter referred to as PUERTO), year of birth 2008, was responsible for the possible murder of JOHN DOE. At approximately 11:00 p.m., JAPD received a tip that PUERTO was presently at 16 Onate Street in Dulce, the residence of his girlfriend (hereinafter referred to as H.L.), year of birth 2007, and H.L.'s mother (hereinafter referred to as M.L.) year of birth 1982. Shortly thereafter, JAPD and the FBI went to 16 Onate Street and JAPD apprehended PUERTO.

7.      Based on PUERTO's date of birth, I believed he was approximately 15 years old. PUERTO said he lived with his grandmother (hereinafter referred to as L.W.), year of birth 1957. L.W. stated she is PUERTO's legal guardian. On August 8, 2023, at approximately 12:03 a.m., PUERTO was provided his Miranda Warnings in the presence of L.W. He stated that he understood his rights and agreed to speak with law enforcement. PUERTO stated that he was friends with JOHN DOE and that he heard from multiple sources that JOHN DOE had been killed on the evening of August 7, 2023. PUERTO stated that prior to the murder he was with his older brother Travis Begaye Jr. (hereinafter referred to as BEGAYE), year of birth 2004, hiking on the reservation. After finishing the hike, PUERTO and BEGAYE were walking back and heard nearby gunshots. PUERTO and BEGAYE ran away from the sound of gunshots and went to a family member's house. Eventually, PUERTO and BEGAYE later managed to get back to L.W.'s house. On August 7, 2023, at approximately 7:30 p.m., PUERTO called his girlfriend, H.L. and arranged to have her mother, M.L. pick PUERTO up from his residence and take him to her residence at 16 Onate Street. PUERTO stated that he did not have a firearm and was not of age to

3

purchase one. PUERTO stated he did not know who shot JOHN DOE. PUERTO provided his cellular telephone number as (575) 419-0643.

7.       On August 8, 2023, at approximately 12:45 a.m., FBI spoke with BEGAYE in the vicinity of 16 Onate Street. BEGAYE's date of birth is December 15, 2004, meaning he was 18 years old at the time of the interview. During our conversation, BEGAYE stated that he heard JOHN DOE was dead and BEGAYE knew that JOHN DOE and PUERTO were close friends. BEGAYE said he tried to see and speak with PUERTO early in the day on August 7, 2023, but PUERTO's vibe seemed off. BEGAYE informed us that he did not see PUERTO on August 7, 2023, and that he did not go on a hike with PUERTO. BEGAYE further stated that on August 7, 2023, he received three Instagram voice calls from PUERTO around the time that PUERTO said they were on a hike together. BEGAYE does not currently have a telephone, but PUERTO was able to contact BEGAYE through BEGAYE's girlfriend's cellular telephone. During the first call, PUERTO told BEGAYE in sum and substance that he had a plan to make some money. During the second call, PUERTO told BEGAYE in sum and substance that PUERTO successfully made money that afternoon. During the third call, PUERTO called BEGAYE and PUERTO said he had "fucked up." BEGAYE stated that PUERTO sounded like he was crying during the phone call and was questioning whether what happened was worth the money he made. BEGAYE believed that PUERTO was in some way involved in the murder of JOHN DOE.

8.       On August 8, 2023, after speaking with H.L., FBI requested the PUERTO's cellular telephone for evidentiary purposes. PUERTO stated his cellular telephone was lost approximately a week before.  PUERTO stated he now uses Instagram to voice call people, or he used H.L.'s cellular telephone. PUERTO then opened H.L.'s cellular telephone and showed the recent call history to FBI.  There appeared to be calls between H.L. and PUERTO's contact, which was saved as "Justin" with a blue heart symbol, as recently as August 7, 2023. H.L. and M.L.

consented to the FBI taking custody of H.L.'s cellphone telephone and examining the contents of the cellular telephone.

9.      On August 8, 2023, JPDCI received an Instagram video from a JPD Officer whose daughter is friends with PUERTO on Instagram. The Instagram video depicted PUERTO near River Road Platform in Dulce, which is less than a mile from the scene of the shooting, firing a black handgun into the air. The Instagram video was posted on the day of the shooting from H.L.'s Instagram handle (the handle is known to your affiant but is withheld because it reveals H.L.'s identity). PUERTO was wearing a black hoodie, white jeans or light-colored jeans, black shoes and a black beanie hat in the video. Later, JAPD retrieved three 40-caliber casings in the same area as where the video was filmed. The 40-caliber casings were the same manufacturer as the 40-caliber casings found at the crime scene – all were Federal Ammunition. The casings were collected and entered into evidence for ballistic examinations at a later date.

10.      On August 9, 2023 Dulce High School Administration notified JPDCI they were conducting an internal investigation into multiple statements received by students that PUERTO had threatened them on Thursday and Friday last week (August 3 and 4, 2023). One student (hereinafter referred to as D.L.T.), year of birth 2006, stated PUERTO told him "You better watch your back or this 40 is gonna bite you." PUERTO gestured with his hand and finger signifying a gun. Later, PUERTO passed D.L.T. in the hallway and said, "you better watch this forty and quit acting like a bitch and keep walking." Another student (hereinafter referred to as D.J.T.), year of birth 2007, stated PUERTO approached him at school and pointed a finger in D.J.T.'s face and said, "tell tour brother he better watch out for that forty." D.L.T. and D.J.T. are brothers.

11.      On August 9, 2023, JPDCI conducted a witness interview of M.T., year of birth 1984. M.T. lives in a house next to the location of the crime scene. M.T. was driving to Chama at approximately 5:43 PM and saw PUERTO, JOHN DOE, and who she believed to be BEGAYE standing in the road talking. M.T. worked at the Department of Youth Summer Program and knew

5

PUERTO and JOHN DOE. M.T.'s boyfriend (hereinafter referred to as P.A.), year of birth 2003, was driving with her and recognized BEGAYE and knew him as PUERTO's brother. PUERTO was wearing a black hoodie with white graphics and black pants. BEGAYE was also dressed in all black and wore a black covid face mask. Both PUERTO and BEGAYE had stern looks on their faces. JOHN DOE looked at M.T. as she drove by and appeared to be scared. M.T. and P.A. saw the group, including PUERTO and JOHN DOE, just minutes before JAPD received the call of a shooting at that location.

12.     The incident under investigation occurred within the exterior boundaries of the Jicarilla Apache Indian Reservation. PUERTO, BEGAYE, and JOHN DOE are enrolled members of the Jicarilla Apache Tribe.

13.     Based on the facts provided in this affidavit, your affiant submits there is probable cause to believe that evidence of violations 18 U.S.C. §§ 1153 and 1111, first degree murder in Indian Country, as more particularly described in Attachment B, may be located at the SUBJECT PREMISES. The evidence includes that PUERTO was threatening others with a firearm, that PUERTO was seen speaking with JOHN DOE in the vicinity of the shooting shortly before police were called, that John Doe was killed with a firearm, and that a video of PUERTO firing a firearm was posted to Instagram on the day of the shooting. Additionally, because BEGAYE may have accompanied PUERTO to the confrontation, was thus likely present for the shooting, and denied any knowledge of the events, BEGAYE is suspected to be an accomplice to the crime.

14.     I have learned individuals engaged in criminal conduct maintain regular contact with another. Utilizing cellular telephones, they routinely send and receive text messages and instant messages, converse over social media platforms such as Instagram, and make telephone or video calls, sometimes through social media platforms to advance their unlawful activities. Individuals who engage in criminal conduct often keep photographs and/or videos of themselves in order to impress or intimidate others. Based on statements made by PUERTO, BEGAYE, and

other witnesses, there is probable cause to believe PUERTO and BEGAYE used cellular telephones to access their social media platforms to communicate their unlawful activity. Based on my prior experience and training I believe individuals who utilize cellular telephones, routinely keep their cellular telephones on their person or in in their residences, residences of friends or acquaintances, or in vehicles.

15.     In my training and experience, individuals who utilize weapons, including firearms, to commit criminal offenses often conceal evidence of the weapon possession in their residence, residences of relatives, friends, or associates, and areas surrounding their residences, to include, garages, carports, outbuildings, and vehicles parked on or near their property.

16.     Based on statements made by PUERTO, BEGAYE, and other witnesses, as well as other evidence obtained via social media videos and collected at two different locations, I believe there may be additional evidence at the SUBJECT PREMISES such as the clothing described by witnesses (including a black hoodie, black pants, white or light-colored pants, black shoes, black beanie hat, and black covid face mask, as well as a black or dark-colored forty-caliber firearm and Federal forty caliber ammunition. PUERTO's cellular telephone assigned telephone number 575-419-0643, may also be found at the SUBJECT PREMISES.

### THE SUBJECT PREMISES

17.     The SUBJECT PREMISES to be searched is described in the following paragraphs and in Attachment A.

18.     THE SUBJECT PREMISES is located at 57 Narrow Gauge St., Dulce, New Mexico 87528. The SUBJECT PREMISES is located within the exterior boundaries of the Jicarilla Apache Indian Reservation

### CONCLUSION

19.     Based on the facts set forth in this affidavit, there is probable cause to believe there was a violation of 18 U.S.C. §§ 1153 and 1111, first degree murder in Indian Country, committed

7

by PUERTO and BEGAYE, and that evidence of such crimes may be found at the SUBJECT PREMISES. Therefore, I submit that this affidavit supports probable cause for a warrant to search the premises described in Attachment A and seize the items described in Attachment B.

20.     Assistant United States Attorney Alexander F. Flores has approved this application.

21.     I swear that this information is true and correct to the best of my knowledge and belief.


_____
Lorraine Hardy, Special Agent
Federal Bureau of Investigation


Electronically SUBSCRIBED and telephonically SWORN to
me this ___10___ day of ____August_____, 2023.

_____
HONORABLE B. PAUL BRIONES
United States Magistrate Judge

8

# ATTACHMENT A

## PREMESIS TO BE SEARCHED

The property to be searched is described as follows:

The SUBJECT PREMISES is located at 57 Narrow Gauge St., Dulce, New Mexico 87528. The SUBJECT PREMISES can be described as a single-family residence yellow in color and several outbuildings and sheds that are on the property. There is a dirt driveway leading to the residence and a wood fence running behind the residence. Several inoperable vehicles parked around the residence may also be searched.



## ATTACHMENT B

The following materials, which constitute evidence or property designed or intended to use in the commission of a criminal offense, namely violations of 18 U.S.C. §§ 1153 and 1111, that being first degree murder in Indian country:

1. A 40-caliber handgun and any associated magazines.

2. Any 40-caliber ammunition, including Federal brand ammunition.

3. BEGAYE's clothing to include a black hoodie, black pants, black shoes, and a black medical face mask.

4. PUERTO's clothing to include a black hoodie with white graphics, black pants, white or light-colored pants, black shoes, and black beanie hat.

5. Any clothing that appears to be bloody.

6. PUERTO'S Cell Phone, assigned call number 575-419-0643.

7. Photographs of the inside and outside of the house.